IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv141

| | | |
|---|---|---|
| TAMMY BRYAN | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KATHY J. BRYAN, formerly known as Kathy J. Chidnese, | ) | |
| | ) | |
|    Defendant. | ) | |

Pending before the Court is Plaintiff's Motion to Stay [# 32] and Motion for Extension of Time [# 39] and Defendant's Motion to Dismiss [# 34]. On August 9, 2012, the Court held a hearing on this matter. At the hearing, the Defendant orally moved to dismiss with prejudice her counterclaim against Plaintiff. The Court granted the motion. Accordingly, the Court **DIRECTS** the Clerk to **DISMISS with prejudice** the counterclaim asserted by Defendant against Plaintiff. Because the counterclaim is no longer pending in this Court, this case may proceed in this forum simultaneously with the bankruptcy proceedings since it is an action brought by the debtor. See generally, Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n, 892 F.2d 575, 577-78 (7th Cir. 1989). The Court, therefore, **DENIES** the Motion to Stay [# 32].

Finally, Defendant moves to dismiss this action with prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. As the United States Court of Appeals for the Fourth Circuit has explained, dismissing a case with prejudice under Rule 41(b) is a harsh sanction that should not be invoked lightly because of the sound public policy in favor of deciding a case on its merits. Herbert v. Saffell, 877 F.2d 267, 269 (4th Cir. 1989). In deciding whether to dismiss an action under Rule 41(b), the Court must consider four factors: (1) the degree of plaintiff's personal responsibility, (2) the amount of prejudice caused to the defendant, (3) whether there is a lengthy history of deliberately proceeding in a dilatory fashion, and (4) whether less drastic sanctions exist. Id. at 270; Doyle v. Murray, 938 F.3d 33, 34 (4th Cir. 1991). Upon consideration of the these factors and the record before the Court, the severe sanction of dismissal with prejudice is not warranted in this case. Rather, the Court will follow the sound public policy of deciding cases on their merits. Accordingly, the Court **DENIES** the Motion to Dismiss [# 34]. The Court also **DENIES as moot** Plaintiff's Motion for Extension of Time [# 39]. This case will be resolved once and for all during the Court's October 22, 2012, trial term unless the parties settle this case prior to that time.

Signed: August 17, 2012

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge