IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv141

| | | |
|---|---|---|
| TAMMY BRYAN | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KATHY J. BRYAN, formerly known as | ) | |
| Kathy J. Chidnese, | ) | |
| | ) | |
|     Defendant. | ) | |
| _____ | ) | |

Pending before the Court is Defendant's Motion in Limine [# 52]. Defendant moves to exclude email communications between Defendant and Plaintiff's former husband. The Court **DENIES in part** and **DENIES without prejudice in part** the Motion [# 52].

I.    Analysis

Defendant moves to excluded the email communications on a number of grounds. First, Defendant contends that the Court should exclude the emails pursuant to the Stored Communications Act (the "SCA"), which makes it unlawful for an individual to "intentionally accesses without authorization a facility through which and electronic communication service is provided . . . ." 18 U.S.C. § 2701(a)(1). Although it appears that Plaintiff may have violated the SCA when she accessed her former husband's gmail account over the internet, see e.g. Pure

Power Boot Camp v. Warrior Fitness Boot Camp, 587 F. Supp. 2d 548, 555-56 (S.D.N.Y. 2008); Miller v. Meyers, 766 F. Supp. 2d 919, 923 (W.D. Ark. 2011); Bailey v. Bailey, No. 07-11672, at *5-6 (E.D. Mich. Feb. 6, 2008), the statute does not make it unlawful to subsequently disseminate this unlawfully obtained information, see Cardinal Health 414, Inc. v. Adams, 582 F. Supp. 2d 967, 976 (M.D. Tenn. 2008) (collecting cases); In re Am. Airlines, Inc., 370 F. Supp. 2d 552, 558-59 (N.D. Tex. 2005) (collecting cases); Wesley College v. Pitts, 974 F. Supp. 375, 389 (D. Del. 1997).  As the Court explained in Pitts:

> Finally, Wesley laments the gap left in the ECPA if an intercept in Title I does not include stored electronic communications. Title I prohibits the disclosure or use of electronic communications, but says nothing about stored electronic communications. Title II prohibits unauthorized access to stored electronic communications, but does not censure the disclosure or use of the contents of those stored communications unless the disclosing or using party is the provider of an electronic communication service. See 18 U.S.C. § 2702(a). Thus, a person who does not provide an electronic communication service (like Ferguson and Hudson) can disclose or use with impunity the contents of an electronic communication unlawfully obtained from electronic storage.
>
> The Court agrees with Wesley that this gap in ECPA coverage is troubling. If it is to be bridged, however, it must be through the legislative power of Congress, not by the judiciary.

Pitts, 974 F. Supp. at 389.  Moreover, Defendant has not pointed this Court to a single case from any federal court excluding evidence from a civil proceeding when such evidence was obtained through a violation of Section 2701.  In the absence of such legal authority, the Court will not exclude the emails pursuant to

the SCA, and the Court **DENIES** the Motion in Limine to the extent Defendant seeks to exclude evidence under the SCA.

Defendant's contention that the emails should be excluded because Plaintiff failed to produce the documents during discovery is equally unavailing as Defendant has not demonstrated to the Court that the emails were in "possession, custody, or control" of Plaintiff until very recently. See Fed. R. Civ. P. 34(a)(1). The only evidence before the Court is that Plaintiff did not have a copy of the emails at issue during discovery. After printing out the emails from her former husband's account, she mailed the copies to a third party and did not retain a copy for herself.[1] Although the record is still not entirely clear as to who actually possessed the email at the time the discovery request was made, there is no evidence that the emails remained in her possession and under her control. As leading commentators have explained, "a party cannot be required to permit inspection of documents or things that it does not have and does not control." 8B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice & Procedure § 2210 (3d ed. 2012). Courts have defined control to mean the legal right to obtain documents upon demand. Id.; Hatfill v. New York Times Co., 242 F.R.D. 353, 355 (E.D. Va. 2006); Steele Software Sys., Corp v.

---

[1] Of course, if it were to come out during the trial that Plaintiff did in fact have a copy of the emails during discovery and failed to produce the documents, the Court would consider sanctions against Plaintiff and/or her counsel. There is, however, no such evidence in the record before the Court at this time.

DataQuick Info. Sys., Inc., 237 F.R.D. 561, 564 (D. Md. 2006). Here, the record is devoid of evidence that Plaintiff had the legal right to obtain the emails back from the third party that was actually in possession of the emails at the time upon demand.[2] Accordingly, the Court finds that Defendant has not demonstrated that Plaintiff violated Rule 34, and the Court **DENIES** the Motion in Limine to the extent Defendant moves to excluded the emails based on Plaintiff's alleged failure to produce the documents during the course of discovery.

Finally, Defendant moves to exclude the emails on the ground that Plaintiff has not forecast any evidence that she will be able to authenticate the emails. The Court **DENIES without prejudice** the Motion in Limine as to this basis. At trial, Plaintiff will have to authenticate the documents prior to the Court allowing them into evidence, including establishing authorship of the emails. See generally 5 Christopher B. Mueller and Laird C. Kirkpatrick, Federal Evidence § 9:9 (3d ed. 2012) (addressing the issue of authenticating emails); United States v. Siddiqui, 235 F.3d 1318, 1322 (11th Cir. 2000). If Plaintiff fails to authenticate the emails, Defendant may renew her motion at that time and the Court will consider whether the emails have been properly authenticated pursuant to the Federal Rules of Evidence and whether the emails will be admitted into evidence.

---

[2] The Court also notes that these emails were also allegedly sent by Defendant to a third party and, thus, Defendant should have an electronic copy of all the documents in question.

## II. Conclusion

The Court **DENIES in part** and **DENIES without prejudice in part** the Motion [# 52].

.

Signed: October 19, 2012

Dennis L. Howell
United States Magistrate Judge