IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv141

| | |
|---|---|
| TAMMY BRYAN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| KATHY J. BRYAN, formerly known as ) | |
| Kathy J. Chidnese, ) | |
| ) | |
| Defendant. ) | |

Pending before the Court are the parties' Motions for New Trial [# 85 & # 88]. Plaintiff brought this action asserting a claim for alienation of affection and criminal conversation under North Carolina law against Defendant. At trial, the jury returned a verdict in favor of Defendant on the alienation of affection claim and in favor of the Plaintiff on the criminal conversation claim. The jury awarded Plaintiff compensatory damages in the amount of $300,000.00 and punitive damages in the amount of $200,000.00. Plaintiff now moves for a new trial on the alienation of affection claim and Defendant moves for a new trial on the grounds that the damages awarded by the jury are excessive and the Court erred by not giving one of her requested jury instructions. Upon a review of the record in this case, the parties' briefs, and the relevant legal authority, the Court **DENIES** the

1

motions [# 85 & # 88].

## I. Analysis

Rule 59 of the Federal Rules of Civil Procedure provides that the Court may, upon a party's motion after a jury trial, grant a new trial on all or some of the issues to any party "for any reason for which a new trial has heretofore been granted in an action at law in federal court. . . ." Fed. R. Civ. P. 59(a)(1)(A). A trial court should grant a new trial where: (1) the verdict is against the clear weight of the evidence; (2) the verdict is based on false evidence; or (3) where the verdict will result in a miscarriage of justice. Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 650 (4th Cir. 2002); Knussman v. State of Md., 272 F.3d 625, 639 (4th Cir. 2001); Cline v. Wal-Mart Stores, Inc., 144 F.3d 294, 305 (4th Cir. 1998). A party moving for a new trial, however, must file his or her motion within twenty-eight days after the entry of the judgment. Fed. R. Civ. P. 59(b). The Court entered the Judgment in this case on November 5, 2012, although it was not docketed by the Clerk until November 6, 2012. Both parties filed their motions within the required twenty-eight day time period and, thus, the motions are properly before this Court.

### A. Plaintiff's Motion for a New Trial

Plaintiff moves for a new trial on the alienation of affection claim. Specifically, Plaintiff contends that the jury verdict in favor of Defendant on the

alienation of affection claim was against the clear weight of the evidence.[1] The Court finds that the jury's verdict for Defendant on the alienation of affection claim was not against the clear weight of the evidence, was not based on false evidence, and does not result in a miscarriage of justice.

An alienation of affection claim requires that Plaintiff prove: (1) that a marriage with genuine love and affection existed between the Plaintiff and her then husband, Mark Bryan; (2) the alienation and destruction of the marriage's love and affection; and (3) that it was the Defendant's wrongful and malicious actions that brought about the alienation of the love and affection. Heller v. Somdahl, 696 S.E.2d 857, 860 (N.C. Ct. App. 2010). In proving that a happy marriage with genuine love and affection existed, the Plaintiff need not show that the marriage was perfect. Id. Plaintiff, however, must demonstrate that Mr. Bryan "had some genuine love and affection for [her] before the marriage's disruption." Id. (internal quotation and citation omitted).

At trial, the parties submitted conflicting testimony as to whether a marriage with genuine love and affection existed between Plaintiff and Mr. Bryan during the relevant time period. Plaintiff offered her testimony and the testimony of her daughter that a marriage with genuine love and affection existed. Defendant

---

[1] Plaintiff has offered no legal argument to the Court that the verdict was based on false evidence or would constitute a miscarriage of justice. Although Plaintiff makes the unsupported contention that the evidence offered by Defendant was "predicated upon an intentional fabrication," such conclusory statements in a brief without any legal or factual support do not warrant any further discussion from this Court.

offered the testimony of Mark Bryan, a close friend of Mark Bryan, and two of the adult children of Plaintiff and Mr. Bryan that there was little love and affection existing between Plaintiff and Mr. Bryan before the marriage's disruption. It was up to the Jury, consistent with this Court's instructions, to weigh this evidence, make credibility determinations, and determine whether Plaintiff had satisfied her burden of demonstrating that a marriage with genuine love and affection existed between her and Mr. Bryan. Upon a review of the evidence in the record, this Court cannot say that it was against the clear weight of the evidence for the jury to find for Defendant on the alienation of affection claim as a reasonable juror could have concluded based on the evidence submitted that Plaintiff failed to satisfy her burden of demonstrating a marriage with genuine love and affection existed between her and her husband as required to prevail on her claim. Accordingly, the Court **DENIES** Plaintiff's motion [# 88].

### B. Defendants' Motion for a New Trial

Defendant moves for a new trial on Plaintiff's criminal conversation claim. Although it is not entirely clear from Defendant's motion, it appears that Defendant contends that a new trial is warranted on two grounds. First, Defendant contends that the Court erred by not specifically instructing the jury that Defendant's perjury at trial was not an issue to consider in determining damages. Second, Defendant contends that a new trial is required in this case because the
4

damage award is excessive. Defendant, however, fails to specify whether the compensatory damages, the punitive damages, or both are excessive. The Court assumes that Defendant intended to argue that both were excessive.

> 1. the Court did not err by refusing to give Defendant's proposed jury instruction

As a threshold matter, the Court notes that Defendant has not provided the Court with any legal authority supporting her contention that a new trial is required in this case as a result of the Court's decision not to give one of the proposed jury instructions she requested during the charge conference. Defendant has not set forth the appropriate legal standard for when a new trial is warranted as a result of an improper jury instruction or provided the Court with any legal authority in support of her contention that the specific jury charge requested was necessary in this case. For this reason alone, Defendant's motion could be denied as Defendant has not demonstrated that a new trial is warranted in this case based on the jury instructions giving by the Court. Despite the deficiencies of Defendant's legal pleadings, however, the Court will consider Defendant's argument.

The trial court has broad discretion in instructing the jury in an appropriate manner. Teague v. Bakker, 35 F.3d 978, 985 (4th Cir. 1994). In reviewing the jury instructions, "a simple instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." Noel v. Artson,

641 F.3d 580, 586 (4th Cir. 2011) (internal quotation and citation omitted). The United States Court of Appeals for the Fourth Circuit has further explained that:

> [i]t is easy enough to pick at words, phrases, and sentences in a charge, but that overlooks the fact that the charge in its totality was what the jury heard. A jury verdict, moreover, represents a good deal of work on the part of a good many people, and the instructions undergirding that collective effort should not succumb lightly to semantic fencing. Accordingly, we simply determine whether the instructions construed as a whole, and in light of the whole record, adequately informed the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party.
>
> Id. (internal quotations and citations omitted).

Upon a review of the jury instructions as a whole, the record in this case, and the relevant legal authority, the Court finds that a new trial is not warranted as a result of the Court's refusal to give the Defendant's requested instruction. During the charge conference, Defendant requested the following charge:

> In awarding Damages in this case you are to consider what you find from the evidence to be the conduct of the parties relating to alienation of affections and criminal conversation. You are not to consider on the issue of damages the conduct of parties during the course of this trial.

(Def.'s Request for Instruction, Oct. 29, 2012.) The Court declined to give this charge, finding that the existing charges as to damages and the consideration of the evidence were sufficient to set forth the applicable law. The Court instructed the jury at length regarding damages. The Court instructed the jury that the burden

6

was on Plaintiff to prove that Defendant's conduct proximately caused the actual amount of damages and that the decision must be based upon the evidence and the Court's instructions as to the law. Defendant does not contend that these instructions were improper, only that the Court should have gone a step further and given the additional instruction requested by counsel. Because the instructions as given adequately set forth the applicable law, a new trial is not warranted in this case. The additional charge requested by counsel only increased the possibility of confusing the jury. Moreover, Defendant has not set forth any legal authority demonstrating that such an instruction is even proper. Accordingly the Court denies Defendant's motion to the extent it is based on the Court's refusal to give the requested instruction.

2. the jury's damage award is not excessive

Defendant also contends that the jury's damage award was excessive. Whether damages are excessive and subject to remittitur is an issue left to the discretion of the trial court. Robles v. Prince George's Cnty., Md, 302 F.3d 262, 271 (4th Cir. 2002). "A trial court's evaluation of an award of compensatory damages is less searching than an award of punitive damages." King v. McMillan, 594 F.3d 301, 313-14 (4th Cir. 2010). In assessing whether a jury's compensatory damage award is excessive and warrants a new trial under Rule 59, the Court examines whether the verdict is against the weight of the evidence or is based on

7

false evidence. Gregg v. Ham, 678 F.3d 333, 342-43 (4th Cir. 2012); Knussman, 72 F.3d at 639; Cline, 144 F.3d at 305.

The jury awarded Plaintiff $300,000.00 in compensatory damages on the criminal conversation claim. Compensatory damages for criminal conversion include more than just actual pecuniary loss. Scott v. Kiker, 297 S.E.2d 142, 146 (N.C. Ct. App. 1982). The jury may also consider loss of consortium, humiliation, shame, mental anguish, loss of sexual relations, and the disgrace the tortious acts of defendant have caused. Id.; Misenheimer v. Burris, 637 S.E.2d 173, 176 (N.C. 2006) (holding that damages for mental anguish recoverable under a theory of criminal conversation); Gray v. Hoover, 381 S.E.2d 472, 475 (N.C. Ct. App. 1989). Juries have considerable freedom in determining the amount of damages to attribute to mental anguish. Hutelmyer v. Cox, 514 S.E.2d 554, 561 (N.C. Ct. App. 1999).

Aside from the fact that Defendant has not even articulated a clear argument as to how the compensatory damages are either against the weight of the evidence or based on false evidence, the Court finds that the compensatory damages awarded by the jury are not excessive and neither a new trial nor remittitur is warranted in this case. Plaintiff offered evidence regarding the mental distress she suffered as a result of the sexual intercourse between Defendant and Mr. Bryan. In addition, she offered evidence regarding the humiliation and shame she suffered in

8

her local community, the loss of consortium, and the impact that the extra-marital affair had on her relationship with her children and the family business.  In fact, the evidence presented by Plaintiff as to the financial loss she suffered as a result of the deterioration of the family real estate business after Mr. Bryan left was well in excess of $300,000.00.   Although Defendant may disagree with the determination by the jury as to the amount of compensatory damages ultimately awarded, as well as the cause of Plaintiff's financial loss stemming from the decline in the family business, the Court cannot say that the compensatory damages in this case were against the clear weight of the evidence.

In addition to the compensatory damages, the jury awarded Plaintiff $200,000.00 in punitive damages.  Unlike a challenge to an award of compensatory damages, a Rule 59 motion challenging the amount of an award of punitive damages by a jury focuses on the third prong of Rule 59 – whether the jury's award of punitive damages will result in a miscarriage of justice.  Cline, 144 F.3d at 306; Robles, 302 F.3d at 272.  Accordingly, the Court "'must compare its own independent judgment on the appropriate amount with the jury's award to determine whether the jury's award is so excessive as to work an injustice.'"  King, 594 F.3d at 314 (quoting, Bryant v. Aiken Reg'l Med. Ctrs., Inc., 333 F.3d 536, 548 (4th Cir. 2003)); see also Cline, 144 F.3d at 306.

In cases such as this where no constitutional challenge to a jury's award of

punitive damages is raised, federal district courts review punitive damage awards by applying the substantive law of the state under the procedural standards imposed by federal law. Gregg, 678 F.3d at 343; King, 594 F.3d at 312-13. "'Thus, the district court is to determine whether the jury's verdict is within the confines set by state law, and to determine, by reference to federal standards developed under Rule 59, whether a new trial or remittitur should be ordered.'" King, 594 F.3d at 313 (quoting Atlas Food Sys. & Servs. v. Crane Nat'l Venders, 99 F.3d 587, 593 (4th Cir. 1996)).

Under North Carolina law, punitive damages are available "to punish a defendant for egregiously wrongful acts and to deter the defendant and others from committing similar wrongful acts." N.C. Gen. Stat. § 1D-1. Punitive damages are available where a plaintiff asserts a claim for criminal conversation. Hutelmyer, 514 S.E.2d at 560. In considering the amount of punitive damages, the jury considers the purpose behind punitive damages as set forth in N.C. Gen. Stat. § 1D-1 as well as the evidence related to: (1) the reprehensibility of the Defendant's conduct and motives; (2) the likelihood of serious harm during the relevant time period; (3) the degree of Defendant's awareness of the probably consequences of her conduct; (4) the duration of the conduct; (5) the actual damages suffered by Plaintiff; (6) the concealment by Defendant of the facts or consequences of her conduct; (7) the existence and frequency of similar past conduct by the Defendant;

(8) whether Defendant profited from the conduct; and (9) the Defendant's ability to pay a punitive damage award.  N.C. Gen. Stat. § 1D-35(2).  Punitive damages, however, shall not exceed the greater of $250,000 or three times the amount of compensatory damages.  N.C. Gen. Stat. § 1D-25(b).  "Once the right to punitive damages is established, the amount of such damages to be awarded the plaintiff results in the sound discretion of the jury although the amount assessed is not to be excessively disproportionate to the circumstances of contumely and indignity present in the case."  Hutelmyer, 514 S.E.2d at 562 (internal quotation and citation omitted).

Here, there was ample evidence for the Jury to award punitive damages on Plaintiff's criminal conversation claim.  The evidence at trial showed that Defendant had sexual intercourse with Mr. Bryan during the time period Mr. Bryan was married to Plaintiff.  This sexual misconduct is sufficient to sustain an award of punitive damages.  Id. at 560.  Moreover, the award was not so excessive as to work an injustice and was not excessively disproportionate to the circumstances in the case.  See e.g. Oddo v. Presser, 581 S.E.2d 123, 129-30 (N.C. Ct. App. 2003) (holding that punitive damage award of $500,000.00 in criminal conversation and alienation of affection case was not excessive as a matter of law) rev'd in part and aff'd in part 592 S.E.2d 195, 196 (N.C. 2004); Hutelmyer, 514 S.E.2d at 560 (holding that punitive damage award was not excessive as a matter of law and

11

affirming jury award of $500,000.00 in compensatory damages and $500,000.00 in punitive damages on alienation of affection and criminal conversation claim). The jury awarded Plaintiff $300,000.00 in compensatory damages and $200,000.00 in punitive damages. This is well below the $900,000.00 limit to punitive damages imposed by N.C. Gen. Stat. § 1D-25(b), and the ratio of punitive damages to compensatory damages is not excessive in this case. Plaintiff also submitted evidence to the jury regarding the reprehensibility of Defendant's conduct, the likelihood of serious harm, the actual damages suffered, the ability of Defendant to pay a punitive damage award, and the fact that Defendant took significant steps to conceal the sexual relationship. See N.C. Gen. Stat. §1D-35(2). Upon a review of the record in this case, the Court finds that the punitive damage award by the jury was not so excessive as to work and injustice and neither a new trial nor remittitur is warranted in this case. Accordingly, the Court **DENIES** Defendant's motion [# 85].

## II. Conclusion

The Court **DENIES** Plaintiff's Motion for a New Trial [# 88] and Defendant's Motion for New Trial [# 85].

Signed: March 11, 2013

Dennis L. Howell
United States Magistrate Judge