# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:11cv141

| | |
|---|---|
| TAMMY BRYAN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| KATHY J. BRYAN, formerly known as ) | |
| Kathy J. Chidnese, ) | |
| ) | |
| Defendant. ) | |

Pending before the Court is Plaintiff's Motion for Attorney Fees [# 82]. Plaintiff brought this action asserting a claim for alienation of affection and criminal conversation under North Carolina law against Defendant. At trial, the jury returned a verdict in favor of Defendant on the alienation of affection claim and in favor of the Plaintiff on the criminal conversation claim. The jury awarded Plaintiff compensatory damages in the amount of $300,000.00 and punitive damages in the amount of $200,000.00. Plaintiff now moves for an award of attorneys' fees pursuant to N.C. Gen. Stat. §1D-45. The Court **GRANTS** in part the motion [# 82].

### I.   Analysis

Pursuant to N.C. Gen. Stat. §1D-45, this Court "shall award reasonable

1

attorneys' fees against a defendant who asserts a defense in a punitive damages claim that the defendant knows or should have known to be frivolous or malicious." N.C. Gen. Stat. §1D-45; see also Elina Adoption Servs., Inc. v. Carolina Adoptions Servs., Inc., No. 1:07cv169, 2008 WL 4005738, at *10 (M.D.N.C. Aug. 25, 2008). As the North Carolina Court of Appeals has explained, "[t]he purpose of providing the costs of legal representation is to encourage professional peer review by limiting the possibility of unreasonable litigation expenses." Rhyne v K-Mart Corporation, 562 S.E.2d 82, 94 (N.C. Ct. App. 2002) (internal quotation and citations omitted). A defendant offers a frivolous defense where the defendant cannot present any rational argument based on the evidence or law. Id. Similarly, a defense is malicious where the defense offered by the defendant is intentional, wrongful, and offered without just cause or excuse or is the result of ill will. Id.

The Court finds that an award of attorneys' fees is required in this case. During the trial, Defendant knowingly and intentionally committed perjury while on the stand. This perjury was directly related to her defense of the punitive damages claim. In addition, Defendant offered the testimony of another witness, which she knew to be untrue, in an attempt to deceive the Court and the jury. Offering perjured testimony at trial as a defense to a punitive damages claim is the very type of conduct that N.C. Gen. Stat. §1D-45 was designed to prevent. See

generally, id. The defense offered to the punitive damage claim was both frivolous and malicious. In fact, Defendant acknowledges as much in her response to Plaintiff's Motion for Attorneys Fees, by stating that based on the perjured testimony, the Court would be permitted to award attorneys' fees in this case. Accordingly, the Court **GRANTS** the Plaintiff's motion to the extent it seeks an award of attorneys' fees pursuant to N.C. Gen. Stat. §1D-45.

The amount of attorneys' fees requested by Plaintiff, however, is unreasonable and not warranted in this case. This Court will not award Plaintiff the full amount of his contingency fee agreement between himself and Plaintiff. Instead, the Court **AWARDS** Plaintiff her reasonable attorneys' fees incurred in defending against the criminal conversation claim and all attorneys' fees related to the defense offered by Defendant that she did not engage in sexual intercourse with Mark Bryan in North Carolina while he was married to Plaintiff. The Court **DIRECTS** the parties to confer in an attempt to come to a resolution as to the amount of reasonable attorneys' fees actually incurred in this case. If the parties cannot agree to the amount of reasonable fees, Plaintiff shall submit statement of her attorneys' fees with supporting affidavits as required by the United States Court of Appeals for the Fourth Circuit. See e.g. Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235 (4th Cir. 2009). Plaintiff shall have until April 1, 2013, to submit her statement of fees and expenses and supporting materials. The Court

will then determine whether the amount requested is reasonable.

**II.     Conclusion**

The Court **GRANTS in part** the Motion for Attorneys Fees [# 82].

Signed: March 13, 2013

Dennis L. Howell
United States Magistrate Judge

4