# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:11cv141

| | |
|---|---|
| **TAMMY BRYAN** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **KATHY J. BRYAN, formerly known as** ) | |
| **Kathy J. Chidnese,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

Previously, the Court granted in part the Plaintiff's Motion for Attorney Fees. (Order, Mar. 13, 2013.) In the Court's Order, the Court stated as follows:

> Instead, the Court **AWARDS** Plaintiff her reasonable attorneys' fees incurred in defending against the criminal conversation claim and all attorneys' fees related to the defense offered by Defendant that she did not engage in sexual intercourse with Mark Bryan in North Carolina while he was married to Plaintiff.

(Order, Mar. 13, 2013, at 3.) The Order, however, should have stated that the Court **AWARDS** Plaintiff her reasonable attorneys' fees incurred in <u>prosecuting</u>, as opposed to defending against, the criminal conversation claim. Accordingly, the Court now enters this Order to clarify its March 13, 2013, Order and instructs the parties that Plaintiff is entitled to recover those fees related to the prosecution of the criminal conversation claim because the frivolous and malicious defense

1

offered by Defendant to the punitive damage claim – that Defendant did not have sexual intercourse with Mark Bryan in North Carolina during the relevant time period – is inseparable from the prosecution of the claim itself.

Signed: March 25, 2013

Dennis L. Howell
United States Magistrate Judge

2