# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:11cv141

| | |
|---|---|
| TAMMY BRYAN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| KATHY J. BRYAN, formerly known as ) | |
| Kathy J. Chidnese, ) | |
| ) | |
| Defendant. ) | |

Previously, the Court granted in part the Plaintiff's Motion for Attorney Fees. (Order, Mar. 13, 2013.) The Court awarded Plaintiff her reasonable attorneys' fees incurred in prosecuting the criminal conversation claim, as well as all attorneys' fees related to the defense offered by Defendant that she did not engage in sexual intercourse with Mark Bryan in North Carolina while she was married to Plaintiff. (Order, Mar. 25, 2013; Order, Mar. 13, 2013.) The Court, however, denied the Motion for Attorney Fees to the extent counsel sought to recover the contingency fee agreement between himself and Plaintiff. (Order, Mar. 13, 2013.) Mr. Bidwell, of the law firm representing the Plaintiff, submitted an affidavit of himself, of two other practicing attorneys, and the billing invoices of his firm (#96) in an attempt to demonstrate the amount of time expended by the

1

firm in representing the Plaintiff and the firm's reasonable attorneys' fees. Defendant did not file a response to the submission of the affidavits and supporting documents.

**Discussion.**

In Robinson v. Equifax Information Services, LLC, 560 F.3d 235 (4th Cir. 2009), the Court of Appeals for the Fourth Circuit set forth standards to be applied in determining an amount to award as attorney fees:

> In calculating an award of attorney's fees, a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate. Grissom v. The Mills Corp, 549 F.3d 313, 320 (4th Cir. 2008). In deciding what constitutes a "reasonable" number of hours and rate, we have instructed that a district court's discretion should be guided by the following twelve factors:
>
> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. Barber v. Kimbell's Inc., 577 F.2d 216, 226 n. 28 (4th Cir. 1978) (adopting twelve factors set forth in Johnson v. Ga. Highway Express, Inc., 488 F.2d714 (5th Cir. 1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989)).

After determining the lodestar figure, the court then should subtract fees for hours spent on unsuccessful claims unrelated to successful ones. Grissom, 549 F.3d at 321 (quoting Johnson v. City of Aiken, 278 F.3d 333, 337 (4th Cir. 2002). Finally, once the court has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff. *Id.*

First of all, the Court will determine the reasonable number of hours of work for Plaintiff's counsel to have expended on this case. In doing so, the Court has reviewed in detail the invoices or billing records submitted by Plaintiff's counsel (#96), which set forth the amount of time spent by Mr. Bidwell, attorney Jessica Walters and the paralegal of their firm who is not named. The time records were not presented in chronological order. They included time spent by the firm in litigating a prior Complaint involving the same issues as the federal proceeding in state court. That action was dismissed and then another Complaint was filed setting forth the same claims and this second legal action was then removed to this Court. To assist in any review of this Court's ruling, the undersigned will now list the hours of time spent by Plaintiff's counsel in detail and in chronological order and in doing so will set forth the hourly rate of charge contended by Plaintiff's counsel as being the reasonable hourly rate of charge for each attorney and the paralegal.

Paul Louis Bidwell          $250.00 per hour

| Date | Service | Time | Amount |
|---|---|---|---|
| 6/13/2011 | Conference w/client | .2 | $ 50.00 |
| 7/26/2011 | Review of documents from def's counsel | .2 | 50.00 |
| 7/27/2011 | Conference w/co-counsel | .3 | 75.00 |
| 7/27/2011 | Review of pleadings, execution of federal documents, letter to defense counsel | 1.6 | 400.00 |
| 7/29/2011 | Conference w/co-counsel | .5 | 125.00 |
| 8/8/2011 | Conference w/defense counsel | 1.1 | 275.00 |
| 8/11/2011 | Revise, review response, review disclosure statutes | 2.6 | 650.00 |
| 8/15/2011 | Conference w/federal clerk, notes to co-counsel | .3 | 75.00 |
| 11/14/2011 | Review order regarding remand, review notice, conference w/staff | .5 | 125.00 |
| 11/22/2011 | Review certificate & report of Rule 26 plan | .2 | 50.00 |
| 11/23/2011 | Conference w/co-counsel | .2 | 50.00 |
| 12/7/2011 | Court | .6 | 150.00 |
| 1/10/2012 | Review letter from def's counsel; re: deposition | .1 | 25.00 |
| 1/24/2012 | Conference w/defense counsel, conference w/co-counsel | .7 | 175.00 |
| 2/2/2012 | Conference w/client, conference w/co-counsel | 1.0 | 250.00 |
| 2/7/2012 | Letter to client | .3 | 75.00 |
| 3/15/2012 | Conference w/client concerning deposition and taking of client's deposition | 2.5 | 625.00 |
| 3/16/2012 | Review of discovery request, review of witness deposition | 1.4 | 350.00 |
| 3/20/2012 | Review of witness deposition | 1.6 | 400.00 |
| 3/21/2012 | Review of emails | .4 | 100.00 |
| 3/27/2012 | Message to staff regarding communication w/client regarding bankruptcy, conference w/defense counsel | .3 | 75.00 |
| 4/23/2012 | Revisions to discovery request | .8 | 200.00 |
| 4/25/2012 | Revisions to discovery, left message w/client, conference w/staff | 1.5 | 375.00 |

| Date | Description | Hours | Amount |
|---|---|---|---|
| 4/30/2012 | Conference w/defense counsel | .4 | 100.00 |
| 5/12/2012 | Conference w/staff regarding motion to suspend scheduling deadlines | .4 | 100.00 |
| 8/9/2012 | Court appearance | 1.0 | 250.00 |
| 8/9/2012 | Organizing file papers, conference w/client, conference w/Sandra Freeburger; conference w/witness | 3.5 | 875.00 |
| 8/16/2012 | Research, draft motion to dismiss | 2.3 | 575.00 |
| 8/31/2012 | Conference w/client, trial prep | 1.2 | 300.00 |
| 9/7/2012 | Conference w/witness | .3 | 75.00 |
| 9/13/2012 | Conference w/client, review of file, conference w/witness | 2.1 | 525.00 |
| 10/13/2012 | Trial preparation | 1.2 | 300.00 |
| 10/14/2012 | Trial preparation | .4 | 100.00 |
| 10/15/2012 | Pretrial conference, trial prep | 3.7 | 925.00 |
| 10/17/2012 | Trial preparation | 4.3 | 1,075.00 |
| 10/18/2012 | Trial preparation | 6.7 | 1,675.00 |
| 10/19/2012 | Trial preparation | 11.1 | 2,775.00 |
| 10/20/2012 | Trial preparation | 1.3 | 325.00 |
| 10/21/2012 | Trial preparation | 4.1 | 1,025.00 |
| 10/22/2012 | Trial preparation & trial | 11.5 | 2,875.00 |
| 10/23/2012 | Trial, preparation for trial | 11.5 | 2,875.00 |
| 10/24/2012 | Trial, preparation for trial | 11.7 | 2,925.00 |
| 10/25/2012 | Trial, preparation for trial | 10.8 | 2,700.00 |
| 10/26/2012 | Trial, preparation for trial | 10.0 | 2,500.00 |
| 10/28/2012 | Trial, preparation for trial | 2.3 | 575.00 |
| 10/29/2012 | Trial, preparation for trial | 10.5 | 2,625.00 |
| 11/15/2012 | Conference w/staff | .2 | 50.00 |
| 11/15/2012 | Research attorney fee issue, draft motion | 1.2 | 300.00 |
| 11/16/2012 | Review bill of cost | .1 | 25.00 |
| 11/19/2012 | Revise and approve motion for counsel fees | .7 | 175.00 |
| 11/26/2012 | Revise motion, draft brief in support of fees | 1.4 | 350.00 |
| 11/30/2012 | Review def's response to motion for attorney fees, draft response | .7 | 175.00 |
| 11/30/2012 | Review def's motion for new trial, conference w/staff, rate research materials, review response to plaintiff's motion for fees | 2.4 | 600.00 |
| 12/3/2012 | Review def's addendum to brief, review and revise draft of brief in support of plaintiff's | | |

| Date | Service | Time | Amount |
|---|---|---|---|
| | motion for new trial, motion for new trial | 4.0 | 1,000.00 |
| 12/6/2012 | Draft reply | 1.1 | 275.00 |
| 12/7/2012 | Review and revise reply | .7 | 175.00 |
| 12/9/2012 | Revisions to reply | .4 | 100.00 |
| 12/10/2012 | Research on Westlaw, review def's response to plaintiff's motion for new trial, revise reply | 1.2 | 300.00 |
| 12/13/2012 | Draft plaintiff's response to def's motion for new trial | 2.5 | 625.00 |
| 12/14/2012 | Draft notice | .3 | 75.00 |
| 12/17/2012 | Research on Westlaw, review & revise plaintiff's response to def's motion for new trial | 1.5 | 375.00 |
| Total | | 149.60 | $37,400.00 |

Jessica Walters          $225.00 per hour

| Date | Service | Time | Amount |
|---|---|---|---|
| 1/7/2011 | Research | .6 | $ 135.00 |
| 1/11/2011 | Review and file complaint, conference w/clerk | .4 | 90.00 |
| 1/20/2011 | Conference w/client | .1 | 22.50 |
| 3/31/2011 | Reviewing pleading from defense counsel | .1 | 22.50 |
| 4/21/2011 | Filing order to extend time | .2 | 45.00 |
| 4/27/2011 | Conference w/client | .4 | 90.00 |
| 5/23/2011 | Review Answer & Counterclaim | .6 | 135.00 |
| 5/31/2011 | Review & revise outgoing discovery | .6 | 135.00 |
| 6/13/2011 | Review documents from defense counsel and conference w/co-counsel | .4 | 90.00 |
| 6/16/2011 | Review order from federal court, letter from defense counsel | .2 | 45.00 |
| 7/11/2011 | Review letter from defense counsel | .1 | 22.50 |
| 7/18/2011 | Letter to client | .1 | 22.50 |
| 7/22/2011 | Conference w/co-counsel | .3 | 67.50 |
| 7/27/2011 | Conference w/co-counsel | .3 | 67.50 |

| Date | Description | Hours | Amount |
|---|---|---|---|
| 7/29/2011 | File reply | .3 | 67.50 |
| 8/10/2011 | Research | 2.8 | 630.00 |
| 8/11/2011 | Prepare revision to response | 2.3 | 517.50 |
| 8/19/2011 | Review motion from defense counsel | .3 | 67.50 |
| 11/23/2011 | Conference w/co-counsel, review order from defendant's counsel | .2 | 45.00 |
| 8/1/2012 | Review & revise motion for ext of time | .1 | 22.50 |
| 8/1/2012 | Review motion to continue, directions to staff | .2 | 45.00 |
| 8/2/2012 | Review & revise order | .1 | 22.50 |
| 8/3/2012 | Directions to staff, revise order | .1 | 22.50 |
| 8/31/2012 | Conference w/co-counsel, trial prep | .2 | 45.00 |
| 9/6/2012 | Conference w/co-counsel | .3 | 67.50 |
| 9/17/2012 | Trial preparation, conference w/co-counsel | .5 | 112.50 |
| 9/22/2012 | Trial preparation | 1.5 | 337.50 |
| 9/26/2012 | Conference w/co-counsel & staff | .6 | 135.00 |
| 9/29/2012 | Conference w/staff | .3 | 67.50 |
| 10/1/2012 | Conference w/staff, trial preparation | .5 | 112.50 |
| 10/2/2012 | Review mail w/co-counsel, conference w/staff, review fax | .7 | 157.50 |
| 10/4/2012 | Directions to staff | .2 | 45.00 |
| 10/5/2012 | Trial preparation, email to co-counsel | .5 | 112.50 |
| 10/8/2012 | Trial preparation | 1.0 | 225.00 |
| 10/9/2012 | Review response, directions to staff, review and revise subpoenas, issue subpoena | 2.1 | 472.50 |
| 10/10/2012 | Consultation w/co-counsel, trial prep, review of letters to clerk in Indiana, opposing counsel and Sheriff | 2.3 | 517.50 |
| 10/11/2012 | Trial preparation, preparation of jury instructions | 4.3 | 967.50 |
| 10/12/2012 | Trial preparation | 1.5 | 337.50 |
| 10/13/2012 | Trial preparation | 1.2 | 270.00 |
| 10/14/2012 | Trial preparation | .4 | 90.00 |
| 10/15/2012 | Trial preparation | 4.0 | 900.00 |
| 10/16/2012 | Trial preparation, motion to amend brief, brief in response to Mark Bryan, motion to quash | 7.0 | 1,575.00 |
| 10/17/2012 | Trial preparation | 4.0 | 900.00 |
| 10/18/2012 | Trial preparation | 4.0 | 900.00 |

| Date | Service | Time | Amount |
|---|---|---|---|
| 10/19/2012 | Trial preparation | 6.5 | 1,462.00 |
| 10/21/2012 | Trial preparation | 2.5 | 562.50 |
| 10/22/2012 | Trial preparation | 11.5 | 2,587.50 |
| 10/23/2012 | Trial preparation | 11.5 | 2,587.50 |
| 10/24/2012 | Trial preparation | 11.7 | 2,632.50 |
| 10/25/2012 | Trial preparation | 10.8 | 2,430.00 |
| 10/26/2012 | Trial preparation | 5.2 | 1,170.00 |
| 11/30/2012 | | 1.5 | 337.50 |
| Totals | | 109.1 | $24,547.00 |

Paralegal                     $60.00 per hour

| Date | Service | Time | Amount |
|---|---|---|---|
| 1/11/2011 | Conference w/client, draft summons, cover sheet, conference w/Revis, file complaint | .5 | $ 30.00 |
| 4/20/2011 | Draft motion to ext time | .2 | 12.00 |
| 5/25/2011 | Review 2009, 2011 discovery, revise discovery, conference w/client | 1.3 | 78.00 |
| 6/1/2011 | Revise & complete discovery | .6 | 36.00 |
| 6/2/2011 | Trip to post office to mail discovery | .3 | 18.00 |
| 7/28/2011 | Draft, revise & file reply | .5 | 30.00 |
| 7/29/2011 | Draft, revise & file motion ext time, call to defense counsel | .3 | 18.00 |
| 8/5/2011 | Copy both state court files | .5 | 30.00 |
| 8/9/2011 | Research | .1 | 6.00 |
| 8/10/2011 | Research | .1 | 6.00 |
| 8/11/2011 | Type draft of response to motion for removal, revisions | 1.2 | 72.00 |
| 8/11/2011 | File documents w/federal court | 1.5 | 90.00 |
| 4/20/2012 | Left message to defense counsel, email to defense counsel | .2 | 12.00 |
| 4/23/2012 | Draft motion to extend discovery deadline | .2 | 12.00 |
| 4/24/2012 | Draft discovery | 1.5 | 90.00 |
| 5/14/2012 | Draft, revise & file motion | .7 | 42.00 |
| 5/24/2012 | Draft memo | .6 | 36.00 |
| 6/1/2012 | Draft & revise motions & memo, second | | |

8

| Date | Description | Hours | Amount |
|---|---|---|---|
| | revisions | 1.4 | 84.00 |
| 6/4/2012 | Revise motion | .4 | 24.00 |
| 7/31/2012 | Research | .3 | 18.00 |
| 8/1/2012 | Draft order, 3 conferences w/Bidwell | .7 | 42.00 |
| 8/13/2012 | Research, draft initial response | .2 | 12.00 |
| 8/17/2012 | Draft memo | 1.2 | 72.00 |
| 9/4/2012 | Research | .3 | 18.00 |
| 9/6/2012 | Revise employment contract, email to client, conference w/attorneys office | .9 | 54.00 |
| 9/7/2012 | 2 Conferences w/Freeburger's office | .2 | 12.00 |
| 9/10/2012 | Research | 1.2 | 72.00 |
| 9/12/2012 | Conference w/client | .1 | 6.00 |
| 9/13/2012 | Issue subpoenas | .4 | 24.00 |
| 9/25/2012 | Finalize subpoenas, research & draft BB&T subpoena, draft amended response | 1.2 | 72.00 |
| 9/25/2012 | Conference w/Freeburger's office, conference w/client | .2 | 12.00 |
| 9/26/2012 | Finalize subpoenas, research, to clerks office for issuance, conference w/client, notes to attorneys | 1.2 | 72.00 |
| 9/28/2012 | Issue subpoena | .1 | 6.00 |
| 10/1/2012 | Research, draft affidavits, letters to companies, draft letter to clerk, fax subpoenas, 3 conferences w/client | 3.6 | 216.00 |
| 10/8/2012 | Trial preparation & trial notebooks | 4.0 | 240.00 |
| 10/9/2012 | Issue subpoena for Mark Bryan & American Express, conference w/American Express, preparation of trial notebooks | 4.5 | 270.00 |
| 10/10/2012 | Conference w/client, 2 conferences w/attorney McDonald's office, 3 conferences w/Vandurburgh Clerk, conference w/Monroe County Sheriff | 3.0 | 180.00 |
| 10/11/2012 | 2 Conferences w/attorney McDonald's office, left message w/attorney Hugenschmidt, 4 conferences w/Monroe County Sheriff's Office, trip to Mr. Hugenschmidt's office to pick up file, letter to Monroe Sheriff, email to witness, research, copying documents | 3.2 | 192.00 |
| 10/12/2012 | Trial preparation | 3.5 | 210.00 |
| 10/13/2012 | Trial notebooks | 8.0 | 480.00 |

| Date | Description | Hours | Amount |
|---|---|---|---|
| 10/15/2012 | Trial notebooks & trial preparation | 9.5 | 570.00 |
| 10/16/2012 | Trial preparation | 12.0 | 720.00 |
| 10/17/2012 | Trial preparation | 18.5 | 1,110.00 |
| 10/18/2012 | Court, trial preparation | 5.0 | 300.00 |
| 10/19/2012 | Trial preparation | 5.0 | 300.00 |
| 10/20/2012 | Trial preparation & notebooks | 4.5 | 270.00 |
| 10/21/2012 | Trial preparation & notebooks | 13.0 | 780.00 |
| 10/22/2012 | Research, trial preparation | 3.0 | 180.00 |
| 10/23/2012 | Trial preparation, research | 2.5 | 150.00 |
| 10/24/2012 | Trial preparation, research | 3.5 | 210.00 |
| 10/25/2012 | Review subpoena from records, trial prep | 4.0 | 240.00 |
| 10/26/2012 | Trial preparation | 1.5 | 90.00 |
| 10/28/2012 | Trial preparation | 2.4 | 144.00 |
| 11/15/2012 | Research, draft bill of cost | .9 | 54.00 |
| 11/19/2012 | Revise motion, brief, invoices, affidavits | 1.5 | 90.00 |
| 12/3/2012 | Draft & revise motion & brief | 4.0 | 240.00 |
| 12/7/2012 | Draft reply & revise | 2.0 | 120.00 |
| 12/10/2012 | Revisions to reply | 1.5 | 90.00 |
| 12/12/2012 | Draft response to defendant's motion for a new trial | 1.5 | 90.00 |
| 12/17/2012 | Revise responses to defendant's motion for new trial | 2.0 | 120.00 |
| Totals | | 147.9 | $ 8,874.00 |

In determining the reasonable hourly rate of charge, the undersigned has considered in addition to the twelve factors as set forth in Robinson, 560 F.3d 235 (4th Cir. 2009), the instructions in Plyler v. Evatt, 902 F.2d 273, 277 (4th Cir. 1990):

> Determination of the hourly rate will generally be the critical inquiry in setting the "reasonable fee," and the burden rests with the fee applicant to establish the reasonableness of a requested rate. Blum v. Stenson, 465 U.S., 886, 895-96 n. 11, 104 S.Ct. 1541, 1547-48 n. 11,

79 L.Ed.2d 891 (1984). In addition to the attorney's own affidavits, the fee applicant must produce satisfactory "specific evidence of the 'prevailing market rates in the relevant community' for the type of work for which he seeks an award." Spell v. McDaniel, 824 F.2d 1380, 1402 (4th Cir. 1987) (quoting Blum, 465 U.S. at 895, 104 S.Ct. at 1547). Although the determination of a "market rate" in the legal profession is inherently problematic, as wide variations in skill and reputation render the usual laws of supply and demand largely inapplicable, see Blum, 465 U.S. at 895-96 n. 11, 104 S.Ct. at 1547-48 n. 11, the Court has nonetheless emphasized that market rate should guide the fee inquiry.

In determining the hourly rate of charge, the undersigned has considered Mr. Bidwell's Affidavit (#96) in which he avers that his hourly rate of charge is $250.00 per hour; that his associate, Jessica Walter's customary rate was $225.00 per hour and his paralegal rate of charge was $60.00 per hour. Mr. Bidwell further avers that those charges are and were substantially the same or less than fees charged by attorneys of similar experience and ability and usually and customarily charged by other attorneys in the western North Carolina area. Mr. Bidwell's Affidavit is supported by the Affidavit of W. O. Brazil, III, attorney at law of Asheville, North Carolina. Mr. Brazil states that he is familiar with the hourly rates of charge of the attorneys and paralegals of Mr. Bidwell's firm and those charges are consistent with or less than those incurred and charged by other firms in the western North Carolina legal community.

In addition, the undersigned has considered the twelve factors as set forth in Robinson, 560 F.3d 235 (4th Cir. 2009):

11

**(1) The time and labor expended**: The undersigned has examined in detail the amount of time expended by Plaintiff's counsel. The undersigned has excluded from consideration the amount of time spent on the case between June 4, 2009 and January 5, 2011 because that amount of time was spent by Plaintiff's counsel in regard to a previous legal action that had been filed in the Superior Court of Buncombe County, North Carolina which was later dismissed. It is the undersigned's opinion that time which was not spent on the case that was pending before this Court. It is the opinion of Mr. Bidwell as averred in his affidavit, and as averred by Mr. Brazil, and in a supporting affidavit of Christopher B. Reinhardt, an attorney who practices law in Buncombe County, North Carolina, that the amount of time spent by Plaintiff's firm was fair and reasonable. The undersigned finds that the amount of time and labor expended as is set forth in this Order by the Plaintiff's firm was fair and reasonable.

**(2) The novelty and difficulty of the questions raised:** Alienation of affections and criminal conversation claims are now limited to only a few states, of which North Carolina is one. Therefore, the questions raised are novel except to attorneys who handle these matters in this state. As shown by the affidavit of Mr. Bidwell, there are few attorneys who practice in the western North Carolina community in this area of law. In Mr. Brazil's affidavit, he avers that few lawyers in the local legal community will agree to be engaged in these cases because of

their controversial and complex nature.

**(3) The skill required to properly perform the legal services rendered:** The undersigned finds that a high degree of skill was necessary to perform the legal services in this matter. The Defendant denied the allegations contained in the Complaint. Further, during the testimony of Defendant and one of her witnesses, before the jury, they each denied the allegations contained in the Complaint. Only through the efforts of Plaintiff's counsel, were documents produced that showed Defendant and her witness had committed perjury and their denial of many of the allegations in the Complaint were baseless. Defendant and her witness retook the stand and admitted to the jury they had given false testimony. The undersigned finds that the skill required to properly perform the legal services in this matter will be classified as high.

**(4) The attorney's opportunity costs in pressing the instant litigation:** This issue is not addressed in affidavits of Mr. Bidwell, Mr. Brazil and Mr. Reinhardt. However, this Court would expect that Plaintiff's counsel lost the opportunity to earn other fees by accepting and presenting Plaintiff's causes of action.

**(5) The customary fee for like work:** In Mr. Bidwell's affidavit, he states that he usually takes these cases on a contingent fee basis but that his customarily hourly rate of charge in the case was $250.00 per hour for himself; $225.00 per

13

hour for his associate Jessica Walters; and $60.00 per hour for his paralegal.

**(6) The attorney's expectations at the outset of the litigation:** At the time of the outset of the litigation, Mr. Bidwell's fee contract with Plaintiff was based upon a contingency fee of one-third of the total recovery.

**(7) The time limitations imposed by the client or circumstances:** The undersigned finds that this factor does not affect the decision regarding the number of hours or the hourly rate of charge.

**(8) The amount in controversy and the results obtained:** The undersigned finds from the evidence presented at the hearing that the amount in controversy in this matter was significant. The Plaintiff and her husband had a marital estate in excess of $9,000,000.00 at the time they separated. The results obtained in this case was in the amount of $300,000.00 for compensatory damages and $200,000.00 for punitive damages.

**(9) The experience, reputation and ability of the attorney.** In Mr. Brazil's affidavit, he states that Mr. Bidwell has substantial experience in civil litigation and has experienced significant success. He also states that Mr. Bidwell has maintained the highest peer review rating for ability and ethics attainable through a national publication and has been listed in the Registry of Preeminent Lawyers in the country. Mr. Brazil also states he is familiar with Jessica Walters and the paralegals of the Bidwell Law Firm and that Ms. Walters has significant

experience in civil litigation, primarily in the field of domestic work and that her work and that of the paralegals of the Bidwell Law Firm is competent and professional. The affidavit of Mr. Reinhardt is consistent with that of Mr. Brazil. The undersigned is familiar with the experience, skill and reputation of Mr. Bidwell. Mr. Bidwell is a fine member of the Bar of the Western District of North Carolina and appears regularly in the United States District Court for this district.

**(10) The undesirability of the case within the legal community in which the suit arose:** As stated by Mr. Brazil, there are few lawyers in the local regional community who agree to be engaged in these types of cases. Therefore, the case would have to be classified as undesirable.

**(11) The nature and length of the professional relationship between attorney and client:** It appears from the attachments to Mr. Bidwell's affidavit (#96) that he has been representing Plaintiff in this matter since June 4, 2009 and has continued to represent her in both a civil action that was filed in state court which was later dismissed and then in the civil action in state court that was removed to this court. Both actions appear to involve the same legal issues.

**(12) Attorneys' fees awards in similar cases.** No information was provided to the undersigned concerning this factor.

After considering all of the factors as set forth above, the undersigned finds that the number of hours of time spent by Plaintiff's firm as detailed in this Order

is fair and reasonable. The undersigned further finds that the rate of $250.00 per hour for Mr. Bidwell's services; $225.00 per hour for Ms. Walters' services; and $60.00 per hour for the services of their paralegal are fair and reasonable in amount and consistent with what is charged in the western North Carolina community in cases involving claims of alienation of affections, criminal conversation and punitive damages and would be considered as being the prevailing market rate in western North Carolina legal community. Applying the hourly rates of charge as found above and the hours spent shows that the lodestar figure of attorney fees in this case is Seventy Thousand Eight Hundred Twenty-One Dollars ($70,821.00).

Having determined the lodestar figure, the Court is now required to subtract fees for hours spent on unsuccessful claims unrelated to successful ones. The jury did not find that the affections of the Plaintiff's spouse for the Plaintiff had been alienated by the Defendant. The jury did find that the Plaintiff had proved that the Defendant had committed criminal conversation with Plaintiff's spouse. These types of claims and causes of action as intertwined and related and usually one cannot be presented without the other. As the Court has previously stated, the Plaintiff is only entitled to those fees relating to the frivolous defense offered by Defendant to the punitive damage claim which is interrelated with the Plaintiff's claim for criminal conversation. Having considered the degree of success of the Plaintiff in her claim for criminal conversation, the undersigned has determined to

enter an award of fees of fifty percent (50%) of the total fee and finds that Plaintiff is entitled to an award of attorney fees in this matter in the sum of thirty-five thousand four hundred ten dollars and 50/100 ($35,410.50). The Court finds that this amount is a reasonable award of attorney fees resulting from the Defendant having offered the frivolous defense to the Plaintiff's punitive damage claim.

## ORDER

**WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED** that the Plaintiff have and recover judgment of and from Defendant in the sum of **Thirty-Five Thousand Four Hundred Ten Dollars and 50/100 ($35,410.50)** for the attorney fees incurred by Plaintiff in the presentation of her claim for punitive damages.

Signed: October 9, 2013

Dennis L. Howell
United States Magistrate Judge